IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKEY WAYNE BECKETT | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv294 |
| SHERIFF, JEFFERSON COUNTY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Rickey Wayne Beckett, a prisoner at the Jefferson County Correctional Facility, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner, a pretrial detainee, filed this petition for writ of habeas corpus challenging his pretrial detention. Petitioner asserts the following claims: He has been detained for an excessive amount of time without due process, was denied a probable cause hearing, there is insufficient evidence, his counsel is ineffective, the burden of proof has been unlawfully switched, and he is the subject of malicious prosecution and prosecutorial misconduct.

Analysis

Petitioner is a pretrial detainee at the Jefferson County Correctional Facility. A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release

from pending state criminal proceeding as brought under § 2241 rather than § 2254); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A state pretrial detainee is entitled to raise constitutional claims in a § 2241 proceeding if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. As petitioner is confined in the Jefferson County Correctional Facility on pending criminal charges, he is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Court Of Kentucky*, 410 U.S. 484, 489-92 (1973). Here, as explained below, petitioner has not exhausted available state remedies.

*Exhaustion*

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The exhaustion requirement reflects federal-state comity concerns. *Id.* The district court may raise the exhaustion requirement *sua sponte*. *McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (en banc). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

"It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state courts." *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991). "If the petitioner did not fairly present the substance of his claims to the state courts ..., the petition must be dismissed ... so that the state court may have a fair opportunity to determine" the claims. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). "This exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court proceedings, even if such claims are mixed with exhausted ones." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

In the case of a pre-trial detainee such as petitioner, the state trial courts have jurisdiction in habeas corpus petitions filed pursuant to TEX. CRIM. PROC. CODE Ann. 11.08 (Vernon 1991). Article 11.08 allows a post-indictment pre-trial detainee to challenge his confinement via a writ of habeas corpus. The writ is to be addressed to the trial court. Article 11.08 does not address the procedure to follow once the trial court has denied relief.

If a trial court denies habeas relief to an applicant, the applicant's appropriate remedy would be to take an appeal from this denial to the Court of Appeals. *Ex parte Payne*, 6618 S.W. 2d 380, 382 n.5 (Tex. Crim. App. 1981). This direct appeal would be pursuant to Tex. R. App. P. 44. If the petitioner is not satisfied with the decision of the Court of Appeals he may petition for discretionary review with the Texas Court of Criminal Appeals. *Ex part Twyman*, 716 S.W. 2d 951 (Tex. Crim. App. 1986). Thus, petitioner has an avenue of exhaustion in the state courts.

Petitioner has neither alleged nor demonstrated that he properly presented his claims to the Texas Court of Criminal Appeals. As petitioner has failed to exhaust his claims to the highest state

court, his petition should be dismissed. Further, in the alternative, as set forth below, the petition should be dismissed.

*Review of Claims*

Generally, federal courts do not interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts are required to decline to exercise jurisdiction over lawsuits when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the petitioner has an adequate opportunity to raise constitutional challenges in the state proceedings. *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these three criteria are met, a federal court may exercise jurisdiction only if one of three exceptions applies. *Id*. A federal court may disregard *Younger* and exercise jurisdiction if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the petitioner; (2) the state statute flagrantly violates constitutional prohibitions as written and as applied in any circumstance; or (3) application of the *Younger* doctrine was waived. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

It is well settled that federal habeas relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a . . . defense to a prosecution prior to trial." *Dickerson,* 816 F.2d at 226 (*quoting Braden*, 410 U.S. at 489-92 and *citing Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976)). Absent "special circumstances," federal habeas relief is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to

a judgment of conviction. *Dickerson,* 816 F.2d at 226, citing *Braden,* 410 U.S. at 489, 93 S.Ct. at 1127.[1]

Federal habeas relief is not available to litigants like this petitioner who seek "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226 and 229. None of the listed exceptions apply to the charges pending against petitioner. Thus, this court must abstain from the exercise of habeas jurisdiction since the issues raised in the petition may be resolved by other state procedures available to the petitioner. If petitioner is convicted, he may raise his constitutional claims on direct appeal and thereafter, if necessary, via an application for post-conviction relief. Were this court to exercise jurisdiction at this juncture, it would deprive the Texas state courts of that meaningful opportunity. Accordingly, petitioner's claims should be dismissed for lack of jurisdiction.

## Recommendation

The petition for writ of habeas corpus should be dismissed without prejudice.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

---

[1] The sole exception to this rule occurs in cases where double jeopardy is alleged. This is so because the right to be free from double jeopardy includes not only the right to prevail in subsequent proceedings on constitutional grounds, but also the right to be free from the burdens of the subsequent trial as well. See *Fain v. Duff,* 488 F.2d 218 (5th Cir.1973); *Showery v. Samaniego,* 814 F.2d 200, 210 n. 5 (5th Cir.1987).

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge